Christopher J. Hamner, Esq. (SBN 197117)
Amy T. Wootton, Esq. (SBN 188856)
HAMNER LAW OFFICES, APC
555 W. 5th Street, 31st Floor
Los Angeles, California, 90013
Telephone: (213) 533-4160
Facsimile: (213) 533-4167
chamner@hamnerlaw.com
awootton@hamnerlaw.com
(*Additional counsel on next page*)

Attorneys for Plaintiff BRANDON KRAMER, on behalf of himself and all others similarly situated

(*Additional counsel on next page*)

FILED
CLERK, U.S. DISTRICT COURT

JAN 13 2014

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

NOTE CHANGES MADE BY THE COURT.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON KRAMER, on behalf of himself and all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>WILSON SPORTING GOODS CO., a Delaware Corporation and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV-13-06330 JFW (SHx)<br><br>**Discovery Matter**<br><br>**JOINT STIPULATED PROTECTIVE ORDER**<br><br>District Judge: Hon. John F. Walker<br>Magistrate: Hon. Stephen J. Hillman<br>Action Filed: Aug. 29, 2013<br>Discovery Cut Off : June 9, 2014<br>Motion Cut Off: June 23, 2014<br>Pre-Trial Con.: July 11, 2014<br>Trial Date: July 29, 2014 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*(Additional Plaintiff's Counsel)*
Christopher A. Olsen, Esq. (SBN 236928)
OLSEN LAW OFFICES, APC
1010 Second Ave., Ste. 1835
San Diego, CA 92101
Telephone: (619) 550-9352
Facsimile: (619) 923-2747
Email: caolsen@caolsenlawoffices.com

*(Defendant's Counsel)*
Eric R. McDonough, Esq. (SBN 193956)
SEYFARTH SHAW, LLP
2029 Century Park East, Ste. 3500
Los Angeles, CA 90067
Telephone: (310) 277-7200
Facsimile: (310) 201-5119
emcdonough@seyfarth.com

*Appearing Pro Hoc Vice*
Jeffery A. Key (IL. SBN
Key and Associates
321 North Clark Street, Ste. 500
Chicago, IL 60654
Telephone: (312) 560-2148
Facsimile: (312) 957-1236
jakey@key-and-associates.com

(Defendant's Counsel)
*Appearing Pro Hac Vice*
Michael R. Levinson (pro hac vice)
Seyfarth Shaw LLP
131 South Dearborn Street, Suite 2400
Chicago, IL 60603
Telephone: (312) 460-5868
Facsimile: (312) 460-7000
Email: mlevinson@seyfarth.com

WHEREAS it is anticipated that among the documents which may be produced in connection with the potential litigation of this matter will be information that is protected from disclosure by the privacy rights that attach to trade secrets, and/or information otherwise properly regarded by one or more of the parties as private, sensitive, proprietary, financial, and/or confidential;

IT IS THEREFORE STIPULATED, AGREED, AND JOINTLY REQUESTED by Plaintiff Brandon Kramer ("Plaintiff") and Defendant Wilson Sporting Goods Company ("Defendant") (collectively, the "Parties"), by and through their respective counsel, that a protective order should be entered according to the following terms and provisions:

## DEFINITIONS

1.      "Matter" or "this litigation" means Kramer, et al. v. Wilson Sporting Goods Co., currently pending in the United States District Court, Central District of California, Case No. 13 CV 06630 JFW (SHx).

2.      "Confidential Information" means non-public information (i) which is produced to a party to the Matter ("the Receiving Party") pursuant to any discovery method allowed under statute, rule, or case law; and (ii) which is designated as Confidential pursuant to Paragraph 4 below. "Highly Confidential Information" means highly sensitive or private non-public information (i) which is produced to a Receiving Party pursuant to any discovery method allowed under statute, rule or case law; and (ii) which is designated as "Highly Confidential" or "Attorney's Eyes Only" pursuant to paragraph 4 below. The party producing information pursuant to discovery in the Matter is the Producing Party.

3.      "Qualified Person" means a person who agrees to be bound by this Protective Order and who falls into one of the following categories:

a.      Attorney of record for a party in the Matter or member, associate, paralegal or employee of the firm where such attorney practices, or an employee of

- 1 -
JOINT STIPULATED PROTECTIVE ORDER

1    an independent photocopying, or microfilming service or third-party vendor utilized
2    by such attorney in the Matter;

3           b.      In-house counsel or designated legal personnel for a party;

4           c.      Any other personnel working in the employment of a party or
5    their attorneys of record in the Matter, to the extent disclosure of Confidential
6    Information or Highly Confidential Information is reasonably necessary in
7    connection with the litigation or settlement of this Matter;

8           d.      Up to three (3) designees from any non-party, including insurers,
9    that may have defense and/or indemnity obligations for claims against a party, who
10   shall have signed an undertaking in the form attached as Exhibit 1 before reviewing
11   any documents pursuant to this order;

12          e.      Any deposition or trial witness who is indicated on the face of the
13   document as having written or received such document during the course of his or
14   her employment or consultancy for the party producing the document, so long as
15   such person is an employee or consultant when he or she testifies at deposition or
16   trial;

17          f.      Independent testifying or non-testifying experts or trial
18   consultants (*i.e.*, persons with expertise who are not currently employed or
19   performing non-litigation consulting with any competitors of a party, and who have
20   no intention or expectation of being employed or performing non-litigation
21   consulting with any competitors of a party) retained by such counsel or by a party
22   solely as a an independent expert in connection with this proceeding, provided,
23   however, that no information, documents, or things designated as Confidential or
24   Highly Confidential shall be disclosed to any testifying or non-testifying experts
25   unless and until such persons have first been supplied with and have read a copy of
26   this Order and have executed an Undertaking in the form annexed hereto.  Executed
27   undertakings will be held by counsel for the party which retains the expert;

28

- 2 -

g.   Stenograph reporter involved in any deposition, hearing, trial or other proceeding in this Matter;

h.   Officers of this Court and their supporting personnel or officers of any appellate court to which any appeal may be taken or in which review is sought, pursuant to Paragraph 14 below; or

i.   Any mediator or settlement officer agreed upon by the Parties.

## AGREEMENT

4.   A Producing Party may designate as "Confidential" those materials, whether in written, oral, electronic, graphic, audiovisual or any other form, which that party in good faith believes contain Confidential Information that is used by it in, or pertaining to, its business, which information is not generally known and which that party would normally not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence. A Producing Party may designate as "Highly Confidential" or "Attorney's Eyes Only" those materials in written, oral, electronic, graphic, audiovisual or any other form, which that party in good faith believes contain Highly Confidential Information that is used by it in, or pertaining to, its business, which information is highly sensitive or private.

5.   A Producing Party may designate materials produced or exchanged during discovery as "Confidential" or "Highly Confidential" by legibly marking the legends "Confidential" or "Highly Confidential" on each page of such materials. Any Producing Party or any other party may so designate any materials in the reasonable exercise of such party's discretion; provided, however, by agreeing to this Protective Order, no party waives the right to challenge any other party's designation of any document as "Confidential" or "Highly Confidential."

6.   A Receiving Party who contests any other party's designation of any document as "Confidential" shall attempt to resolve the dispute with the Producing Party, and if an agreement cannot be reached, may challenge the designation with the Judge presiding over this Matter as provided herein.

7.     All discovery produced in this Matter, including all Confidential Information and Highly Confidential Information, shall be used by a Party who receives the information (the "Receiving Party") solely for the purposes of discovery, pleadings, motions, briefs, potential settlement, and preparation for the trial or hearing in this Matter and on appeal, if any, and for no other purpose.

8.     Confidential Information may be disclosed only to a Qualified Person, unless otherwise expressly provided in this Protective Order, or otherwise agreed to in writing between the Producing Party and the Receiving Party of the Confidential Information or Highly Confidential Information.  Highly Confidential Information may be disclosed only to those Qualified Persons identified in paragraphs 3(a), 3(b), 3(c), 3(e) and 3(f), unless otherwise agreed to in writing between the Producing Party and the Receiving Party.

9.     No Confidential Information or Highly Confidential Information shall be provided or disclosed to any person ("recipient"), including a Qualified Person, at any time or in any form or manner unless, in the good faith judgment of the disclosing person, the recipient has a present need to hear, know, or review such information for the purpose of assisting a party in the Matter.

10.     No disclosure of Confidential Information or Highly Confidential Information to a person other than as set forth in paragraph 8 may be made, except upon the prior express written consent of the Producing Party.

11.     Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this action any Confidential Information or Highly Confidential Information.  All transcripts, depositions, exhibits, and other documents and things filed or received with the Court containing Confidential Information or Highly Confidential Information, or any pleading purporting to reproduce or paraphrase such information, shall be filed in compliance with Civil Local Rule 79-5 and General Order 62, in sealed envelopes or other appropriate sealed containers on

- 4 -

which shall be endorsed the caption of the Matter, with a description of the contents of such sealed envelope or container, and the legends "Confidential" or "Attorney's Eyes Only." Any party submitting any Confidential Information or Highly Confidential Information to the Court shall request that the Court maintain such Confidential Information or Highly Confidential Information under seal; provided, however, that the Producing Party shall bear the burden of defending such designation if challenged. If a Receiving Party's request to file Confidential Information or Highly Confidential Information under seal is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5, unless otherwise instructed by the Court.

12.    Any person making, or causing to be made, copies of any Confidential or Highly Confidential Information shall make certain that each copy bears the legends "Confidential" or "Highly Confidential" on each page.

13.    Each party shall, at the election of the Receiving Party, either destroy or return all Confidential Information or Highly Confidential Information, including any copies thereof, to the Producing Party, and shall confirm in writing that all the Confidential Information or Highly Confidential Information, including copies thereof in the Receiving Party's possession, custody or control, has been returned or destroyed within thirty (30) days after the first of any of the following: the case being resolved by final judgment, appeal, settlement, some combination thereof, or otherwise.

14.    No Receiving Party, no Qualified Person, nor any other entity, other than the Producing Party, shall retain copies of the Confidential Information or Highly Confidential Information, including any copies thereof, or referenced thereto, after the time specified in Paragraph 13 herein. Any exceptions to this Paragraph shall be in writing by a duly authorized representative of the Designating Party. Notwithstanding the terms of Paragraphs 10 and 11 hereof, the Parties to this Matter

1    may retain, and not return, one complete copy of the pleadings as actually filed with
2    the Court.

3        15.    The inadvertent or unintentional disclosure by the Producing Party of
4    Confidential Information or Highly Confidential Information, regardless of whether
5    the information was so designated at the time of disclosure, shall not be a waiver in
6    whole or in part of the Producing Party's claim of confidentiality, either as to the
7    specific information disclosed or as to any other information relating thereto on the
8    same or related subject matter. Any such inadvertently or unintentionally disclosed
9    Confidential Information or Highly Confidential Information not designated as such
10   pursuant to Paragraph 4 shall be so designated by giving written notice to all parties,
11   as soon as reasonably possible after the Producing Party becomes aware of the
12   inadvertent or unintentional disclosure. Upon such notice, the Receiving Party shall
13   return said documents and things and not retain copies thereof, and shall thereafter
14   treat information contained in said documents and any summaries and notes thereof
15   as Confidential Information.

16       16.    The inadvertent or unintentional production of any attorney-client, work
17   product, or other privileged information shall not be a waiver, in whole or in part, of
18   such privilege. A party or its counsel who receives production of any privileged
19   documents or privileged information shall promptly notify counsel for the party
20   producing such documents or information.

21       17.    A Receiving Party may challenge a designation of confidentiality at any
22   time. Unless a prompt challenge to a Producing Party's confidentiality designation is
23   necessary to avoid foreseeable, substantial unfairness, unnecessary economic
24   burdens, or a significant disruption or delay of the litigation, a party does not waive
25   its right to challenge a confidentiality designation by electing not to mount a
26   challenge promptly after the original designation is disclosed. The party challenging
27   such designation may initiate the dispute resolution process by providing written
28   notice of each designation it is challenging and describing the basis for each

- 6 -
JOINT STIPULATED PROTECTIVE ORDER

1    challenge. To avoid ambiguity as to whether a challenge has been made, the written
2    notice must recite that the challenge to confidentiality is being made in accordance
3    with this specific paragraph of the Protective Order.
4        The Parties shall attempt to resolve each challenge in good faith and must
5    begin the process by conferring directly (in voice-to-voice dialogue; other forms of
6    communication are not sufficient) within 14 days of the date of service of notice. In
7    conferring, the party challenging such designation must explain the basis for its
8    belief that the confidentiality designation was not proper and must give the
9    Producing Party an opportunity to review the designated material, to reconsider the
10   circumstances, and, if no change in designation is offered, to explain the basis for the
11   chosen designation. A party challenging such designation may proceed to the next
12   stage of the challenge process only if it has engaged in this meet-and-confer process
13   first or if it establishes that the Producing Party is unwilling to participate in the
14   meet-and-confer process in a timely manner.
15       If the Parties cannot resolve a challenge without court intervention, the
16   Receiving Party may file and serve a motion under Civil Local Rule 7 (and in
17   compliance with Civil Local Rule 79-5 and General Order 62, if applicable) within 7
18   days of the parties agreeing that the meet-and-confer process will not resolve their
19   dispute. Each such motion must be accompanied by a competent declaration
20   affirming that the movant has complied with the meet-and-confer requirements
21   imposed in the preceding paragraph.
22       Frivolous challenges, and those made for an improper purpose (e.g., to harass
23   or impose unnecessary expenses and burdens on other parties) may expose the
24   Challenging Party to sanctions. Unless the Producing Party has waived the
25   confidentiality designation by failing to file a motion to retain confidentiality as
26   described above, all parties shall continue to afford the material in question the level
27   of protection to which it is entitled under the Producing Party's designation until the
28   court rules on the challenge.

18.     If a party is served with a request, subpoena or a court order issued in other litigation that compels disclosure of any Confidential Information or Highly Confidential Information, that party must:

(a)  promptly notify in writing the Producing Party. Such notification shall include a copy of the request, subpoena or court order;

(b)  promptly notify in writing the party who caused the request, subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Confidential Information or Highly Confidential Information may be affected.

If the Producing Party timely seeks a protective order or otherwise arranges for protection with the party who caused the requesting subpoena or order to issue, the party served with the request, subpoena or order shall not produce any Confidential Information or Highly Confidential Information before a determination by the court from which the request, subpoena or order issued, unless the party has obtained the Producing Party's permission.  The Producing Party shall bear the burden and expense of seeking protection in that court of its Confidential Information or Highly Confidential Information.

19.     The terms of this Order are applicable to information produced by a non-party in this action and designated as "Confidential or "Highly Confidential." Confidential Information or Highly Confidential Information produced by a non-party in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a party or non-party from seeking additional protections.  In the event that a party is required, by a valid discovery request, to produce a non-party's confidential information or highly confidential information in its possession, and the

party is subject to an agreement with the non-party not to produce the non-party's Confidential Information or Highly Confidential Information, then the Producing Party shall:

(1)   promptly notify in writing the Requesting Party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

(2)   promptly provide the non-party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)   make the information requested available for inspection by the non-party.

If the non-party or the party in this matter receiving the request fails to object or seek a protective order within 14 days of receiving the notice and accompanying information, the Producing Party may produce the non-party's confidential information responsive to the discovery request. If the non-party or the party in this matter receiving the request timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the court.[1] Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this court of its Confidential Information or Highly Confidential Information.

20.   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information or Highly Confidential Information to any person not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosure of Highly Confidential Information, (b) use its best efforts to retrieve all

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a non-party and to afford the non-party an opportunity to protect its confidentiality interests in this court.

1   unauthorized copies of the Confidential Information or Highly Confidential

2   Information, (c) inform the person or persons to whom unauthorized disclosures

3   were made of all the terms of this Order, and (d) request such person or persons to

4   execute the attached Exhibit 1.

5       21.    The parties agree that they shall be bound by this Stipulation upon

6   signing by counsel and shall protect any and all Confidential Information or Highly

7   Confidential Information as provided herein even if this Stipulation is not approved

8   by the Court. In the event that the Court denies approval of this Stipulation as

9   submitted, any party receiving Confidential Information or Highly Confidential

10   Information shall within thirty (30) days, at the election of the Receiving Party,

11   either destroy or return all Confidential Information and Highly Confidential

12   Information to the Producing Party as provided in Paragraph 16 herein and shall

13   confirm in writing that the materials that have been returned or destroyed constitute

14   all the Confidential Information and Highly Confidential Information, including

15   copies thereof, in that party's possession, custody or control.

16       22.    A copy of the Scheduling and Case Management Order, issued on

17   November 22, 2013 which governs this case, is attached hereto as Exhibit 2.

18

19       IT IS SO STIPULATED.

20   Dated: January 10, 2014

21

22                       By:  /s/
                          Christopher J. Hamner, Esq.

23                             Amy T. Wootton, Esq.

24

25

26

27

28

1   Dated: January 10, 2014

2                                    By:   /s/
3                                          Eric R. McDonough, Esq.

4

5

6

7

8   * Electronically signed by submitting attorney with the concurrence of
    Eric R. McDonough, Esq.
9

10

11                            So ordered.

12

13

14

15                         STEPHEN J. HILLMAN
16                    UNITED STATES MAGISTRATE JUDGE
                               1/13/14
17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON KRAMER, on behalf of himself and all others similarly situated, and the general public, | Case No. CV-13-06330 JFW (SHx) |
| Plaintiff, | |
| v. | District Judge: Hon. John F. Walker |
| | Magistrate: Hon. Stephen J. Hillman |
| WILSON SPORTING GOODS CO., a Delaware Corporation and DOES 1 through 10, inclusive, | Action Filed: Aug. 29, 2013 |
| | Pre-Trial Con.: July 11, 2014 |
| | Trial Date: July 29, 2014 |
| Defendants. | |

## UNDERTAKING TO ABIDE BY PROTECTIVE ORDER

I, _____ declare that my address

is _____.

My current employer is _____ and my occupation is

_____.

    1.    I have received a copy of the Stipulated Protective Order in the above-captioned action. I have carefully read and understand the provisions of the Stipulated Protective Order.

    2.    I to date have complied, and will comply from this date forward, with all of the provisions of the Stipulated Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action any CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL INFORMATION that is disclosed to me.

    3.    Promptly upon termination of this action, I will return any CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL

1 INFORMATION in my possession to the outside attorneys representing my

2 employer or the attorneys who furnished those documents to me.

3     4.    I hereby submit to the jurisdiction of this Court for the purpose of

4 enforcement of the Stipulated Protective Order in this action.

5 I declare under penalty of perjury that the foregoing is true and correct.

6 Dated: _____

7

8                          X: _____

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

Case 2:13-cv-06330-JFW-SH   Document 43   Filed 01/13/14   Page 17 of 49   Page ID #:588
Case 2:13-cv-06330-JFW-SH   Document 42   Filed 01/10/14   Page 17 of 49   Page ID #:537
Case 2:13-cv-06330-JFW-SH   Document 29   Filed 11/22/13   Page 1 of 33   Page ID #:286

1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11   Brandon Kramer, et al.,        )   Case No. **CV 13-6330-JFW (SHx)**
                                     )
12                  Plaintiff,       )   **SCHEDULING AND CASE MANAGEMENT**
                                     )   **ORDER**
13         v.                        )
                                     )
14   Wilson Sporting Goods Co., et   )
     al.,                            )
15                                   )
                                     )
16                  Defendants.      )
                                     )
17         The purpose of this Order is to notify the parties and

18   their counsel of the deadlines and the schedule that will

19   govern this action.  SEE THE LAST PAGE OF THIS ORDER FOR THE

20   SPECIFIED DATES.  Ordinarily, the dates set forth on the last

21   page are determined after reviewing the parties' Joint Report

22   or consultation with the parties at the Fed.R.Civ.P. 16(b)

23   Scheduling Conference.  Accordingly, the dates and

24   requirements are firm.  The Court is very unlikely to grant

25   continuances, even if stipulated to by the parties, unless

26   the parties establish good cause through a concrete showing.

27   **Because this Order in some respects modifies the applicable**

28   **Local Rules, counsel are advised to read it carefully to**

1   avoid default on the obligations established herein.  Counsel
2   are advised to pay particular attention to the requirements
3   of the Court with respect to electronic filing, the filing of
4   motions for summary judgment, and the documents to be
5   submitted at the Pre-Trial Conference and Trial.
6   1.   ELECTRONIC FILING AND COURTESY COPIES
7        All documents that are required to be filed in an
8   electronic format pursuant to the General Order Authorizing
9   Electronic Filing shall be filed electronically no later than
10  4:00 p.m. on the date due unless otherwise ordered by the
11  Court.  Any documents filed electronically after 4:00 p.m. on
12  the date due will be considered late and may be stricken by
13  the Court.  Any documents that counsel attempt to file
14  electronically which are improperly filed will not be
15  accepted by the Court.
16       Counsel are ORDERED to deliver **2 copies** of all documents
17  filed electronically to Chambers.  For each document filed
18  electronically, one copy shall be marked "CHAMBERS COPY" and
19  the other copy shall be marked "COURTESY COPY."  The
20  "CHAMBERS COPY" and "COURTESY COPY" are collectively referred
21  to herein as "Courtesy Copies."  The Courtesy Copies of each
22  electronically filed document must include on each page the
23  running header created by the ECF system.  In addition, on
24  the first page of each Courtesy Copy, in the space between
25  lines 1 - 7 to the right of the center, counsel shall include
26  the date the document was e-filed and the document number.
27  The Courtesy Copies shall be delivered to Chambers no later
28  than 10:00 a.m. on the next business day after the document

2

Case 2:13-cv-06330-JFW-SH   Document 43   Filed 01/13/14   Page 19 of 49   Page ID #:590
Case 2:13-cv-06330-JFW-SH   Document 42   Filed 01/10/14   Page 19 of 49   Page ID #:539
Case 2:13-cv-06330-JFW-SH   Document 29   Filed 11/22/13   Page 3 of 33   Page ID #:288

1  was electronically filed.  All documents must be stapled or

2  bound by a two prong fastener, the electronic proof of

3  service must be attached as the last page of each document,

4  and the exhibits attached to any document must be tabbed.

5  Counsel shall not staple the "COURTESY COPY" and "CHAMBERS

6  COPY" together.  The "COURTESY COPY" of all documents must be

7  three-hole punched at the left margin with the oversized

8  13/32" hole size, not the standard 9/32" hole size.

9      For any document that is not required to be filed

10  electronically, counsel are ORDERED to deliver 1 conformed

11  copy of the document, which shall be marked "COURTESY COPY,"

12  to Chambers **at the time of filing.**

13      When a proposed order accompanies an electronic filing, a

14  WordPerfect or Word copy of the proposed order, along with a

15  copy of the PDF electronically filed main document, shall be

16  e-mailed to JFW_Chambers@cacd.uscourts.gov.  The subject line

17  of the e-mail shall be in the following format: court's

18  divisional office, year, case type, case number, document

19  control number assigned to the main document at the time of

20  filing, judge's initials and filer's (party) name.  Failure

21  to comply with this requirement may result in the denial or

22  striking of the request or the Court may withhold ruling on

23  the request until the Court receives the required documents.

24  **2.  DISCOVERY**

25      All discovery shall be completed by the discovery cut-off

26  date specified on the last page of this Order.  **THIS IS <u>NOT</u>**

27  **THE DATE BY WHICH DISCOVERY REQUESTS MUST BE SERVED; IT IS**

28  **THE DATE BY WHICH ALL DISCOVERY, INCLUDING EXPERT DISCOVERY,**

Case 2:13-cv-06330-JFW-SH  Document 43  Filed 01/13/14  Page 20 of 49  Page ID #:591
Case 2:13-cv-06330-JFW-SH  Document 42  Filed 01/10/14  Page 20 of 49  Page ID #:540
Case 2:13-cv-06330-JFW-SH  Document 29  Filed 11/22/13  Page 4 of 33  Page ID #:289

1  **SHALL BE COMPLETED.**  The Court does not enforce side
2  agreements to conduct discovery beyond the discovery cut-off
3  date.

4       Any motion challenging the adequacy of responses to
5  discovery must be heard sufficiently in advance of the
6  discovery cut-off date to permit the responses to be obtained
7  before that date if the motion is granted.

8       In an effort to provide further guidance to the parties,
9  the Court notes the following:

10       **(a)  Depositions**

11       All depositions shall be scheduled to commence
12  sufficiently in advance of the discovery cut-off date to
13  permit their completion and to permit the deposing party
14  enough time to bring any discovery motions concerning the
15  deposition prior to the cut-off date.

16       **(b)  Written Discovery**

17       All interrogatories, requests for production of
18  documents, and requests for admissions shall be served
19  sufficiently in advance of the discovery cut-off date to
20  permit the discovering party enough time to challenge (via
21  motion practice) responses deemed to be deficient.

22       **(c)  Discovery Motions**

23       Whenever possible, the Court expects the parties to
24  resolve discovery issues among themselves in a courteous,
25  reasonable, and professional manner.  If they do so, resort
26  to the Court for guidance in discovery is seldom necessary.
27  The Magistrate Judge assigned to this case will rule on
28  discovery motions and protective orders.

4

Case 2:13-cv-06330-JFW-SH  Document 43  Filed 01/13/14  Page 21 of 49  Page ID #:592
Case 2:13-cv-06330-JFW-SH  Document 42  Filed 01/10/14  Page 21 of 49  Page ID #:541
Case 2:13-cv-06330-JFW-SH  Document 29  Filed 11/22/13  Page 5 of 33  Page ID #:290

### (d)  Expert Discovery

1     If expert witnesses are to be called at trial, the
parties shall designate _affirmative_ experts to be called at
trial and shall provide reports required by Fed.R.Civ.P.
26(a)(2)(B) not later than eight weeks prior to the discovery
cut-off date.  _Rebuttal_ expert witnesses shall be designated
and reports provided as required by Fed.R.Civ.P. 26(a)(2)(B)
not later than five weeks prior to the discovery cut-off
date.  Any non-retained expert designated by a party as an
affirmative or rebuttal expert shall also prepare and provide
an expert report in the form described by Fed.R.Civ.P.
26(a)(2)(B).  Expert witnesses will be bound by the opinions
expressed in their reports prepared in accordance with
Fed.R.Civ.P. 26(a)(2)(B) and will not be permitted to offer
new opinions at trial.  Failure to timely comply with this
deadline will result in the expert being excluded at trial as
a witness.

### 3.  MOTIONS - GENERAL PROVISIONS

All law and motion matters, except for motions in limine,
must be set for _hearing_ (not filed) by the motion cut-off
date specified on the last page of this Order.  The Court
will deny or strike late-filed motions.  The title page of
all motions must state the hearing date and time for the
motion, the Pre-Trial Conference date, and the Trial date.

Once a party has noticed a motion for hearing on a
particular date, the hearing shall not be continued without
leave of Court.  If the Court concludes that a motion can be

Case 2:13-cv-06330-JFW-SH  Document 43  Filed 01/13/14  Page 22 of 49  Page ID #:593
Case 2:13-cv-06330-JFW-SH  Document 42  Filed 01/10/14  Page 22 of 49  Page ID #:542
Case 2:13-cv-06330-JFW-SH  Document 29  Filed 11/22/13  Page 6 of 33  Page ID #:291

1  resolved without argument, the Court will notify the parties
2  in advance.

3      If counsel does not intend to oppose a motion, counsel
4  shall immediately inform the Courtroom Deputy by e-mail and
5  immediately file a Notice of Non-Opposition in accordance
6  with the Local Rules.  The parties should note that failure
7  to timely respond to any motion shall be deemed by the Court
8  as consent to the granting of the motion.  *See* Local Rules.

9      Ex parte practice is strongly discouraged.  The
10 Court will require strict adherence to proper ex parte
11 procedures for any ex parte application filed with the Court.
12 *See* Local Rules and the Court's Standing Order.

13      **(a) Applications and Stipulations to Extend Time**
14      No applications or stipulations extending the time to
15 file any required document or to continue any date are
16 effective unless and until the Court approves them.
17 Applications and/or stipulations to extend the time to file
18 any required document or to continue any hearing, Pre-Trial
19 date, or the Trial date must set forth the following:

20          (i)  the existing due date or hearing date, as well
21 as all dates currently set by the Court in this Order,
22 including the discovery cut-off date, the Pre-Trial
23 Conference date, and the Trial date;

24          (ii) the new dates proposed by the parties;

25          (iii) specific, concrete reasons supporting good
26 cause for granting the extension; and
27 / / /
28 / / /

6

1          (iv) whether there have been prior requests for
2     extensions by any party, and whether those requests were
3     granted or denied by the Court.
4          All applications and stipulations must be accompanied by
5     a separate and independent proposed order which must be
6     submitted to the Court in accordance with the General Order
7     Authorizing Electronic Filing and this Order.   Failure to
8     submit a separate proposed order may result in the denial of
9     the application or stipulation or the Court may withhold
10    ruling on the application or stipulation until the Court
11    receives a separate proposed order.
12         **(b)   Joinder of Parties and Amendment of Pleadings**
13         The deadline for joining parties and amending pleadings
14    is sixty days from the date of this Order.   Any motions to
15    join other parties or for leave to amend the pleadings shall
16    be filed within twenty days of the date of this Order so that
17    they can be heard and decided prior to the deadline.
18         In addition to the requirements of the Local Rules, all
19    motions to amend the pleadings shall: (1) state the effect of
20    the amendment; (2) be serially numbered to differentiate the
21    amendment from previous amendments; and (3) state the page,
22    line number(s), and wording of any proposed change or
23    addition of material.   The parties shall deliver to Chambers
24    a redlined version of the proposed amended pleading
25    indicating all additions and/or deletions of material.
26         **(c)   Withdrawal or Substitution of Counsel**
27         The Court will not grant a request for approval of
28    substitution of counsel after an action has been set for

7

1 | trial unless: (1) counsel files the request using the most
2 | recent version of the appropriate forms provided on the
3 | Court's website; and (2) the request is accompanied by a
4 | declaration signed by a substituting attorney indicating that
5 | such attorney has been advised of the trial date and will be
6 | prepared to proceed with trial as scheduled.  Any request for
7 | substitution of counsel which is not on the proper form or is
8 | not accompanied by a declaration signed by a substituting
9 | attorney as set forth above will be denied.
10 |     Counsel who wish to withdraw and substitute their client
11 | *pro se* must file a regularly noticed motion to withdraw which
12 | demonstrates good cause for the request to withdraw.  The
13 | Court will not consider such a motion unless: (1) the motion
14 | is accompanied by a declaration signed by the client
15 | indicating that the client consents to the withdrawal, has
16 | been advised of the time and date of trial, and will be
17 | prepared to represent themselves *pro se* on the scheduled
18 | trial date; or (2) the Court is otherwise satisfied for good
19 | cause shown that the attorney should be permitted to
20 | withdraw.
21 | **4.   SUMMARY JUDGMENT MOTIONS**
22 |     The Court will only entertain ONE summary judgment motion
23 | by a party.  In the event a party believes that more than one
24 | summary judgment motion is necessary to expedite the
25 | resolution of issues in the action, the party must obtain
26 | leave of court to file more than one summary judgment motion.
27 | The Court will require strict adherence to the following
28 | requirements:

     **(a)   Statement Of Uncontroverted Facts and Conclusions of Law and Statement of Genuine Disputes of Material Fact**

The Statement of Uncontroverted Facts and Conclusions of Law is to be prepared in a two column format.  The left hand column should set forth the allegedly undisputed fact or conclusion or law.  The right hand column should set forth the evidence that supports the factual statement or conclusion of law.  The factual statements and conclusions of law should be set forth in sequentially numbered paragraphs. Each paragraph should contain a narrowly focused statement of fact or conclusion of law.  Each numbered paragraph should address a single subject in as concise a manner as possible.

The opposing party's Statement of Genuine Disputes of Material Fact must track the movant's Statement of Uncontroverted Facts exactly as prepared.  The document must be in two columns; the left hand column must restate the allegedly undisputed fact, and the right hand column must restate the moving party's evidence in support of the fact, and indicate either undisputed or disputed.  The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, must clearly indicate what part is being disputed.  Where the opposing party is disputing the fact in whole or part, the opposing party must, in the right hand column, set forth the evidence controverting the fact. Where the opposing party is disputing the fact on the basis of an evidentiary objection, the party must cite to the evidence alleged to be objectionable and state the ground of

9

1  the objection and nothing more.  Counsel are reminded that
2  unwarranted factual denials made in the context of a Summary
3  Judgment Motion are subject to Rule 11 sanctions.  **No**
4  **argument should be set forth in this document.**

5      The opposing party may submit additional material facts
6  that bear on or relate to the issues raised by the movant,
7  which shall follow the format described above for the moving
8  party's Statement of Uncontroverted Facts.  These additional
9  facts shall follow the movant's facts, shall continue in
10  sequentially numbered paragraphs (*i.e.*, if movant's last
11  statement of fact was set forth in paragraph 30, then the
12  first new fact will be set forth in paragraph 31), and the
13  evidence that supports the new fact shall be set forth in the
14  right hand column.

15      The moving party, together with its reply, shall file a
16  separate document entitled "Combined Statement of Facts" that
17  (1) restates the entirety of the opposing party's Statement
18  of Genuine Disputes of Material Fact and (2) responds to any
19  additional facts in the same manner and format that the
20  opposing party must follow in responding to the Statement of
21  Uncontroverted Facts, as described above.

22      **(b)  Supporting Evidence**
23      No party should submit any evidence other than the
24  specific items of evidence or testimony necessary to support
25  or controvert a proposed statement of undisputed fact.  Thus,
26  for example, entire sets of interrogatory responses, or
27  documents that do not specifically support or controvert
28  material in the Statements should not be submitted in support

Case 2:13-cv-06330-JFW-SH   Document 43   Filed 01/13/14   Page 27 of 49   Page ID #:598
Case 2:13-cv-06330-JFW-SH   Document 42   Filed 01/10/14   Page 27 of 49   Page ID #:547
Case 2:13-cv-06330-JFW-SH   Document 29   Filed 11/22/13   Page 11 of 33   Page ID #:296

1  of or in opposition to a motion for summary judgment.  Any

2  such material will not be considered.

3      Evidence submitted in support of or in opposition to a

4  motion for summary judgment should be submitted either by way

5  of stipulation or as exhibits to declarations sufficient to

6  authenticate the proffered evidence, and should not be

7  attached to the memorandum of points and authorities.  The

8  Court will accept counsel's authentication of deposition

9  transcripts, written discovery responses, and the receipt of

10  documents in discovery if the fact that the document was in

11  the opponent's possession is of independent significance.

12  Documentary evidence as to which there is no stipulation

13  regarding foundation must be accompanied by the testimony,

14  either by declaration or properly authenticated deposition

15  transcript, of a witness who can establish its authenticity.

16      All exhibits submitted in support of, and in opposition

17  to, a motion for summary judgment shall be consecutively

18  numbered; no two exhibits shall bear the same number.  For

19  example, if the moving party submits one declaration and one

20  request for judicial notice, with four exhibits attached to

21  each document, the exhibits attached to the declaration shall

22  be marked 1 through 4, and the exhibits attached to the

23  request for judicial notice shall be marked 5 through 8.  The

24  opposing party's exhibits shall then commence with number 9.

25  Immediately above or below the page number on each page of an

26  exhibit, the parties shall mark "[Party Name]'s Summary

27  Judgment Exhibit No. __".

28

1   In addition to the foregoing, any party who offers
2   deposition testimony in support of or in opposition to a
3   motion for summary judgment shall prepare and file a separate
4   document for each deponent which contains only those
5   questions and answers, and any objections made at the time of
6   the deposition to those questions, that a party is relying on
7   to support their motion, with a citation to the appropriate
8   page and line number(s) in the deposition transcript.
9   The parties shall also deliver to chambers (but not file)
10  one copy of the entire deposition transcript (single-sided
11  condensed transcript including the word index) of each
12  deposition referenced.  The deposition transcripts shall be
13  placed in a slant D-ring binder with each transcript
14  separated by a tab divider on the right side and three-hole
15  punched at the left margin with the oversized 13/32" hole
16  size, not the standard 9/32" hole size.  The deposition
17  transcript binder shall include a Table of Contents and the
18  spine of each binder shall be labeled with its contents.
19  The Court's Courtesy Copies of all evidence in support of
20  or in opposition to a motion for summary judgment shall be
21  submitted in a separately bound volume and shall include a
22  Table of Contents.  If the supporting evidence exceeds fifty
23  pages, each Courtesy Copy of the supporting evidence shall be
24  placed in a slant D-ring binder with each item of evidence
25  separated by a tab divider on the right side.  All documents
26  contained in the binder must be three-hole punched with the
27  oversized 13/32" hole size, not the standard 9/32" hole size.
28  The spine of each binder shall be labeled with its contents.

12

1     In addition to the foregoing, the parties shall meet and
2  confer and prepare two binders, one binder containing a joint
3  set of all exhibits relied on by the parties in support of
4  and in opposition to the motion for summary judgment ("Joint
5  Exhibit Binder"), and the other binder containing a joint set
6  of all declarations relied on by the parties in support of
7  and in opposition to the motion for summary judgment ("Joint
8  Declarations Binder").  The parties shall deliver to Chambers
9  (but not file) one copy of both the Joint Exhibit Binder and
10  Joint Declarations Binder, which shall each be marked
11  "COURTESY COPY," in conjunction with the filing of the Reply.
12  The Joint Exhibit Binder and Joint Declarations Binder shall
13  include a Table of Contents, and the spine of each binder
14  shall be labeled with its contents.

15     The Table of Contents for the Joint Exhibit Binder and
16  Joint Declarations Binder shall specifically describe each
17  summary judgment exhibit or declaration and include a
18  citation to each paragraph number in the Combined Statement
19  of Facts that refers to the exhibit or declaration (e.g.
20  Plaintiff's Summary Judgment Exhibit No. 1 - Letter from John
21  Doe to Jane Doe dated January 1, 2007 Re: Reasons for Jane
22  Doe's termination) (Combined Statement of Facts Nos. 2, 8,
23  10).  In preparing the Table of Contents, counsel should not
24  create a new set of exhibit numbers.  Counsel shall use the
25  same exhibit numbers that were used to identify the documents
26  in the Motion for Summary Judgment.
27  / / /
28  / / /

Case 2:13-cv-06330-JFW-SH   Document 43   Filed 01/13/14   Page 30 of 49   Page ID #:601
Case 2:13-cv-06330-JFW-SH   Document 42   Filed 01/10/14   Page 30 of 49   Page ID #:550
Case 2:13-cv-06330-JFW-SH   Document 29   Filed 11/22/13   Page 14 of 33   Page ID #:299

## (c) Objections to Evidence

If a party disputes a fact based in whole or in part on an evidentiary objection, the ground for the objection, as indicated above, should be stated in the Statement of Genuine Disputes of Material Fact or Combined Statement of Facts but not argued in that document.  Evidentiary objections are to be addressed in a separate memorandum to be filed with the opposition or reply brief of the party.  This memorandum should be organized **to track the paragraph numbers of the Statement of Genuine Disputes of Material Fact or Combined Statement of Facts in sequence.**  It should identify the specific item of evidence to which objection is made, or in the case of deposition testimony it should quote the relevant testimony, the ground for the objection, and a very brief argument with citation to authority as to why the objection is well taken.  The following is an example of the format contemplated by the Court:

> Combined Statement of Facts Paragraph 10: Objection to the supporting deposition testimony of Jane Smith [quote testimony] at 60:1-10 on the grounds that the statement constitutes inadmissible hearsay and no exception is applicable.  To the extent it is offered to prove her state of mind, it is irrelevant because her state of mind is not in issue.  Fed. R. Evid. 801, 802.

**DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE OPPONENT'S STATEMENT OF FACTS. THESE WILL BE DISREGARDED AND OVERRULED.**

/ / /

Case 2:13-cv-06330-JFW-SH   Document 43   Filed 01/13/14   Page 31 of 49   Page ID #:602
Case 2:13-cv-06330-JFW-SH   Document 42   Filed 01/10/14   Page 31 of 49   Page ID #:551
Case 2:13-cv-06330-JFW-SH   Document 29   Filed 11/22/13   Page 15 of 33   Page ID #:300

1      **(d)   The Memorandum of Points and Authorities**

2          The movant's memorandum of points and authorities should

3  be in the usual form required under Local Rules and should

4  contain a narrative statement of facts as to those aspects of

5  the case that are before the Court.  All facts should be

6  supported with citations to the paragraph number in the

7  Statement of Uncontroverted Facts that supports the factual

8  assertion and not to the underlying evidence.

9          Unless the case involves some unusual twist, the motion

10 need only contain a brief statement of the Fed.R.Civ.P. 56

11 standard; the Court is familiar with the Rule and with its

12 interpretation under *Celotex* and its progeny.  If at all

13 possible, the argument should be organized to focus on the

14 pertinent elements of the claim(s) for relief or defense(s)

15 in issue, with the purpose of showing the existence or non-

16 existence of a genuine issue of material fact for trial on

17 that element of the claim or defense.

18         Likewise, the opposition memorandum of points and

19 authorities should be in the usual form required by the Local

20 Rules.  Where the opposition memorandum sets forth facts,

21 those facts should be supported with citations to the

22 paragraph number in the Statement of Genuine Disputes of

23 Material Fact and not to the underlying evidence.

24     **(e)   Proposed Statement of Decision**

25         Each party shall prepare a Proposed Statement of

26 Decision, which shall contain a statement of the relevant

27 facts and applicable law with citations to case law and the

28 record.  The Proposed Statement of Decision shall not exceed

15

1   ten pages and shall be in a form that would be appropriate
2   for the Court to enter as its final order on the motion.  The
3   Proposed Statement of Decision shall be submitted to the
4   Court in accordance with the General Order Authorizing
5   Electronic Filing.
6        **(f)  Timing**
7        Parties should not wait until the motion cut-off date to
8   bring motions for summary judgment or partial summary
9   judgment.  Early completion of non-expert discovery and
10  filing of motions for summary judgment may eliminate or
11  reduce the need for expensive expert depositions which are
12  normally conducted in the last stages of discovery.
13       **Caveat:  If a party fails to respond to a Motion for**
14  **Summary Judgment, the Court will assume that the material**
15  **facts as claimed and adequately supported by the moving party**
16  **are admitted to exist without controversy, which may result**
17  **in the granting of the Motion for Summary Judgment.**
18  **5.   MOTIONS IN LIMINE**
19       The Court will only entertain a maximum of five motions
20  in limine by a party.  In the event a party believes that
21  more than five motions in limine are necessary, the party
22  must obtain leave of Court to file more than five motions in
23  limine.  The Court will not hear or resolve motions in limine
24  that are disguised summary judgment motions.  No application
25  to file under seal will be granted with respect to a motion
26  in limine or any documents submitted with the motion in
27  limine.
28

1    Before filing any motion in limine, counsel for the
2  parties shall confer in a good faith effort to eliminate the
3  necessity for hearing the motion in limine or to eliminate as
4  many of the disputes as possible.  It shall be the
5  responsibility of counsel for the moving party to arrange for
6  this conference.  The conference shall take place in person
7  within ten calendar days of service upon opposing counsel of
8  a letter requesting such conference, but in no event later
9  than twenty-one days before the Pre-Trial Conference.  Unless
10  counsel agree otherwise, the conference shall take place at
11  the office of the counsel for the moving party.  If both
12  counsel are not located in the same county in the Central
13  District, the conference may take place by telephone.  The
14  moving party's letter shall identify the testimony, exhibits,
15  or other specific matters alleged to be inadmissible and/or
16  prejudicial, shall state briefly with respect to each such
17  matter the moving party's position (and provide any legal
18  authority which the moving party believes is dispositive),
19  and shall specify the terms of the order to be sought.
20    If counsel are unable to resolve their differences, they
21  shall prepare and file a separate, sequentially numbered
22  Joint Motion in Limine for each issue in dispute which
23  contains a clear caption which identifies the moving party
24  and the nature of the dispute (e.g., "Plaintiff's Motion in
25  Limine #1 to exclude the testimony of Defendant's expert").
26  Each Joint Motion in Limine shall consist of one document
27  signed by all counsel.  The Joint Motion in Limine shall
28  contain a clear identification of the testimony, exhibits, or

1   other specific matters alleged to be inadmissible and/or

2   prejudicial and a statement of the specific prejudice that

3   will be suffered by the moving party if the motion is not

4   granted.   The identification of the matters in dispute shall

5   be followed by each party's contentions and each party's

6   memorandum of points and authorities.   The title page of the

7   Joint Motion in Limine must state the Pre-Trial Conference

8   date, hearing date for the motions in limine, and Trial date.

9      Joint Motions in Limine made for the purpose of

10  precluding the mention or display of inadmissible and/or

11  prejudicial matter in the presence of the jury shall be

12  accompanied by a declaration that includes the following:

13  (1) a clear identification of the specific matter alleged to

14  be inadmissible and/or prejudicial; (2) a representation to

15  the Court that the subject of the motion in limine has been

16  discussed with opposing counsel, and that opposing counsel

17  has either indicated that such matter will be mentioned or

18  displayed in the presence of the jury before it is admitted

19  in evidence or that counsel has refused to stipulate that

20  such matter will not be mentioned or displayed in the

21  presence of the jury unless and until it is admitted in

22  evidence; and (3) a statement of the specific prejudice that

23  will be suffered by the moving party if the motion in limine

24  is not granted.

25     Unless ordered by the Court, no supplemental or separate

26  memorandum of points and authorities shall be filed by either

27  party in connection with any motion in limine.

28  / / /

Case 2:13-cv-06330-JFW-SH   Document 43   Filed 01/13/14   Page 35 of 49   Page ID #:606
Case 2:13-cv-06330-JFW-SH   Document 42   Filed 01/10/14   Page 35 of 49   Page ID #:555
Case 2:13-cv-06330-JFW-SH   Document 29   Filed 11/22/13   Page 19 of 33   Page ID #:304

1    The Court's Courtesy Copies of all evidence in support of
2   or in opposition to a motion in limine, including
3   declarations and exhibits to declarations, shall be submitted
4   in a separately bound volume and shall include a Table of
5   Contents.  If the supporting evidence exceeds fifty pages,
6   each Courtesy Copy of the supporting evidence shall be placed
7   in a slant D-ring binder with each item of evidence separated
8   by a tab divider on the right side, and the spine of the
9   binder shall be labeled with its contents.  All documents
10   contained in the binder must be three-hole punched with the
11   oversized 13/32" hole size, not the standard 9/32" hole size.
12    The Court will not consider any motion in limine in the
13   absence of a joint motion or a declaration from counsel for
14   the moving party establishing that opposing counsel: (a)
15   failed to confer in a timely manner; (b) failed to provide
16   the opposing party's portion of the joint motion in a timely
17   manner; or (c) refused to sign and return the joint motion
18   after the opposing party's portion was added.
19    Unless otherwise ordered by the Court, motions in limine
20   should be filed and will be heard on the dates specified on
21   the last page of this Order.  Unless the Court in its
22   discretion otherwise allows, no motions in limine shall be
23   filed or heard on an ex parte basis, absent a showing of
24   irreparable injury or prejudice not attributable to the lack
25   of diligence of the moving party.
26    The failure of any counsel to comply with or cooperate in
27   the foregoing procedures will result in the imposition of
28

19

1  sanctions, including a resolution of the issue against the
2  party refusing to cooperate.
3  **6.    PRE-TRIAL CONFERENCE AND LOCAL RULE 16 FILINGS**
4      **(a)  General Provisions**
5      The Pre-Trial Conference ("PTC") will be held on the date
6  specified on the last page of this Order, unless the Court
7  expressly waived a PTC.  If adjustments in the Court's
8  calendar to accommodate congestion become necessary, the
9  Court may re-schedule the PTC instead of the trial date.
10  Therefore, the parties should assume that if the PTC goes
11  forward, the trial <u>will</u> go forward without continuance,
12  although some brief period of trailing may prove necessary.
13      The lead trial attorney on behalf of each party shall
14  attend both the PTC and all meetings of the parties in
15  preparation for the PTC, unless excused for good cause shown
16  in advance of the PTC.
17      A continuance of the PTC at the parties' request or by
18  stipulation is highly unlikely.  **Specifically, failure to**
19  **complete discovery is not a ground for continuance.**   In the
20  unlikely event that the Court agrees to continue the PTC, the
21  trial date is likely to be delayed as a result.  If a change
22  in the trial date is necessitated or likely because of the
23  Court's calendar or otherwise, modifications of that date
24  will be discussed at the PTC.
25      At the PTC, the parties should be prepared to discuss
26  means of streamlining the trial, including, but not limited
27  to:  bifurcation; presentation of foundational and non-
28  critical testimony and direct testimony by deposition

Case 2:13-cv-06330-JFW-SH Document 43 Filed 01/13/14 Page 37 of 49 Page ID #:608
Case 2:13-cv-06330-JFW-SH Document 42 Filed 01/10/14 Page 37 of 49 Page ID #:557
Case 2:13-cv-06330-JFW-SH Document 29 Filed 11/22/13 Page 21 of 33 Page ID #:306

1  excerpts; narrative summaries and/or stipulations as to the
2  content of testimony; presentation of testimony on direct
3  examination by affidavit or by declaration subject to cross-
4  examination; and qualification of experts by admitted
5  resumes.  The Court will also discuss settlement.
6      **(b)  Form of Pre-Trial Conference Order ("PTCO")**
7      The proposed PTCO shall be filed by the date specified on
8  the last page of this Order.  Adherence to this time
9  requirement is necessary for in-chambers preparation of the
10 matter.  The form of the proposed PTCO shall comply with
11 Appendix A to the Local Rules and the following:
12      (i)  Place in "ALL CAPS" and in **bold** the separately
13 numbered headings for each category in the PTCO (e.g., "**1.**
14 **THE PARTIES**" or "**7.  CLAIMS AND DEFENSES OF THE PARTIES**").
15      (ii)  Include a Table of Contents at the beginning.
16      (iii)  In specifying the surviving pleadings, state
17 which claims or counterclaims have been dismissed or
18 abandoned (e.g.,"Plaintiff's second cause of action for
19 breach of fiduciary duty has been dismissed.").  Also, in
20 multiple party cases where not all claims or counterclaims
21 will be prosecuted against all remaining parties on the other
22 side, specify to which party each claim or counterclaim
23 is directed.
24      (iv)  In drafting the PTCO, the Court expects that
25 the parties will attempt to agree on and set forth as many
26 uncontested facts as possible.  A carefully drafted and
27 comprehensively stated stipulation of facts will assist the
28 Court in preparing for the Pre-Trial Conference.

Case 2:13-cv-06330-JFW-SH  Document 43  Filed 01/13/14  Page 38 of 49  Page ID #:609
Case 2:13-cv-06330-JFW-SH  Document 42  Filed 01/10/14  Page 38 of 49  Page ID #:558
Case 2:13-cv-06330-JFW-SH  Document 29  Filed 11/22/13  Page 22 of 33  Page ID #:307

     **(v)  In specifying the parties' claims and defenses in Section 7 of the PTCO, each party shall closely follow the examples set forth in Appendix A of the Local Rules.**

     (vi) The Court may submit fact issues to the jury in the form of findings on a special verdict form.  The issues of fact should track the elements of a claim or defense on which the jury will be required to make findings.

     (vii) If expert witnesses are to be called at trial, each party must list and identify its respective expert witnesses, both retained and non-retained.  Failure of a party to list and identify an expert witness in the PTCO shall preclude the party from calling that expert witness at trial.

     **(c)  Rule 16 Filings; Memoranda; Witness Lists; Exhibit Lists**

     The parties must comply fully with the requirements of Local Rule 16.  They shall file carefully prepared Memoranda of Contentions of Fact and Law (which may also serve as the trial brief), along with their respective Witness Lists and Exhibit Lists, all in accordance with the Local Rules.  See the last page of this Order for applicable dates.

     **(d)  Summary of Witness Testimony and Time Estimates**

     Counsel shall prepare a list of their witnesses, including a brief summary (two to three paragraphs) of each witness's expected testimony, an estimate of the length of time needed for direct examination, and whether the witness will testify by deposition or in person.  Counsel shall exchange these lists with opposing counsel.  **Counsel shall**

1  **jointly file a single list of witness testimony summaries,**
2  **including estimates for direct examination of their own**
3  **witnesses and estimates for cross-examination of opposing**
4  **witnesses.**  The joint witness testimony summaries shall be
5  filed at the same time counsel submit the PTCO.  If a party
6  intends to offer deposition testimony into evidence at trial,
7  the party shall comply with the Local Rules.

8      **(e)  Pre-Trial Exhibit Stipulation**

9      The parties shall prepare a Pre-Trial Exhibit Stipulation
10  which shall contain each party's numbered list of all trial
11  exhibits, with objections, if any, to each exhibit including
12  the basis of the objection and the offering party's response.
13  All exhibits to which there is no objection shall be deemed
14  admitted.  The parties shall also identify each witness they
15  anticipate will testify about and/or lay the foundation for
16  the exhibit.  All parties shall stipulate to the authenticity
17  of exhibits whenever possible, and the Pre-Trial Exhibit
18  Stipulation shall identify any exhibits for which
19  authenticity has not been stipulated to and the specific
20  reasons for the party's failure to stipulate.

21      The Stipulation shall be substantially in the following
22  form:

23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

23

Case 2:13-cv-06330-JFW-SH   Document 43   Filed 01/13/14   Page 40 of 49   Page ID #:611
Case 2:13-cv-06330-JFW-SH   Document 42   Filed 01/10/14   Page 40 of 49   Page ID #:560
Case 2:13-cv-06330-JFW-SH   Document 29   Filed 11/22/13   Page 24 of 33   Page ID #:309

1                        Pre-Trial Exhibit Stipulation

2   Plaintiff(s)' Exhibits

3   Number   Description   Witness   If Objection, State Grounds   Response to Objection

4   Defendant(s)' Exhibits

5   Number   Description   Witness   If Objection, State Grounds   Response to Objection

6          The Pre-Trial Exhibit Stipulation shall be filed at the

7   same time counsel file the PTCO.   Failure to comply with this

8   paragraph shall constitute a waiver of all objections.

9   **DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE**

10  ~~OPPOSING PARTY'S EXHIBITS. THESE WILL BE DISREGARDED AND~~

11  **OVERRULED.**

12          **(f)   Jury Instructions, Verdict Forms, Special**

13                  **Interrogatories**

14          Fourteen days before the required Local Rule 16-2

15  meeting, the parties shall exchange proposed jury

16  instructions, verdict forms, and, if necessary, special

17  interrogatories.   Seven days before the meeting, counsel

18  shall exchange written objections, if any, to the proposed

19  jury instructions, verdict forms, and special

20  interrogatories.   At the required  meeting, lead counsel

21  shall confer with the objective of submitting one set of

22  agreed upon instructions, a verdict form, and, if necessary,

23  special interrogatories.

24          If lead counsel agree upon one complete set of jury

25  instructions, they shall file a joint set of proposed jury

26  instructions, arranged in a logical sequence with each

27  instruction sequentially numbered, and identified as

28  "Stipulated Instruction No. __ Re _____," with the blanks

Case 2:13-cv-06330-JFW-SH   Document 43   Filed 01/13/14   Page 41 of 49   Page ID #:612
Case 2:13-cv-06330-JFW-SH   Document 42   Filed 01/10/14   Page 41 of 49   Page ID #:561
Case 2:13-cv-06330-JFW-SH   Document 29   Filed 11/22/13   Page 25 of 33   Page ID #:310

1  filled in as appropriate.  If the parties cannot agree upon
2  one complete set of jury instructions, they shall file the
3  following two joint documents with the Court:
4       (i)  A joint set of proposed jury instructions
5  arranged in a logical sequence with each instruction
6  sequentially numbered.  If undisputed, an instruction shall
7  be identified as "Stipulated Instruction No. __ Re _____,"
8  with the blanks filled in as appropriate.  If disputed, each
9  alternate version of the disputed instruction shall be
10 inserted together (back to back) in their logical place in
11 the overall sequence.  Each such disputed instruction shall
12 be identified as "Disputed Instruction No. __ Re _____
13 Proposed By _____," with the blanks filled in as
14 appropriate.  All disputed versions of an instruction shall
15 bear the same instruction number.  If a party does not have a
16 counter-version of an instruction and simply contends no such
17 instruction should be given, then that party should so state
18 (and explain why) on a separate page inserted in lieu of an
19 alternate version; and
20      (ii)  A joint memorandum of law in support of each
21 party's disputed instructions, organized by instruction
22 number.  The joint memorandum of law shall quote the text of
23 each disputed instruction and shall set forth each party's
24 respective position and legal authority, immediately after
25 the text of each disputed instruction.
26    Each proposed instruction, whether agreed upon or
27 disputed, shall (a) be set forth in full on a separate page;
28 (b) embrace only one subject or principle of law; (c) cite to

Case 2:13-cv-06330-JFW-SH   Document 43   Filed 01/13/14   Page 42 of 49   Page ID #:613
Case 2:13-cv-06330-JFW-SH   Document 42   Filed 01/10/14   Page 42 of 49   Page ID #:562
Case 2:13-cv-06330-JFW-SH   Document 29   Filed 11/22/13   Page 26 of 33   Page ID #:311

1  the legal authority for or source of the instruction; and (d)

2  reference the claim for relief to which the instruction

3  relates with a citation to Section 7 of the PTCO.

4      **A Table of Contents shall be included with all jury**

5  **instructions submitted to the Court.**  The Table of Contents

6  shall set forth the following:

7          (i)   The number of the instruction;

8          (ii)  A brief title of the instruction;

9          (iii) Whether it is undisputed or disputed;

10         (iv)  The source of the instruction; and

11         (v)   The page number of the instruction.

12  For example:

13  <u>Number</u>    <u>Title</u>              <u>Source</u>              <u>Page No.</u>

14

15  1         Burden of Proof      9th Cir. Man.           5
16            (Undisputed)         of Model Jury
                                   Instr. 5.1

17      The Court directs counsel to use the instructions from

18  the <u>Ninth Circuit Manual of Model Jury Instructions</u> (West

19  Publishing, most recent edition) where applicable.  Where

20  California law is to be applied and the above instructions

21  are not applicable, the Court prefers counsel to use the

22  <u>Judicial Council of California Civil Jury Instructions</u>

23  ("CACI") (LexisNexis Matthew Bender, most recent edition).

24  If neither of these sources is applicable, counsel are

25  directed to use the instructions from O'Malley, Grenig and

26  Lee, <u>Federal Jury Practice and Instructions</u> (West Group, most

27  recent edition).  Any modifications made to the original form

28  instruction from the foregoing sources (or any other form

26

Case 2:13-cv-06330-JFW-SH   Document 43   Filed 01/13/14   Page 43 of 49   Page ID #:614
Case 2:13-cv-06330-JFW-SH   Document 42   Filed 01/10/14   Page 43 of 49   Page ID #:563
Case 2:13-cv-06330-JFW-SH   Document 29   Filed 11/22/13   Page 27 of 33   Page ID #:312

1   instructions) must be specifically identified, along with the
2   authority supporting the modification.  **Counsel shall not**
3   **submit proposed preliminary instructions to be given to the**
4   **jury prior to opening statements.**
5        If the parties agree upon a verdict form and/or special
6   interrogatories, they shall file a joint verdict form and/or
7   special interrogatories, with the questions arranged in a
8   logical sequence.  If the parties cannot agree upon a verdict
9   form and/or special interrogatories, they shall file a joint
10  document containing each party's alternative version along
11  with a brief explanation of each party's respective position.
12        The joint set of proposed jury instructions, the joint
13  memorandum of law, and verdict form(s) and/or special
14  interrogatories are to be filed with the PTCO and other Local
15  Rule 16 documents.  Courtesy Copies shall be provided to the
16  Court in accordance with Section 1 of this Order.  **In**
17  **addition, the parties shall e-mail the joint set of proposed**
18  **jury instructions, joint memorandum of law, and verdict**
19  **form(s) and/or special interrogatories in WordPerfect or Word**
20  **format to the Chambers' e-mail address**
21  **(JFW_Chambers@cacd.uscourts.gov) at the time of filing.**
22        Immediately after the Court's final ruling on the
23  disputed jury instructions, counsel shall file one final
24  "clean set" of jury instructions, which shall be sent into
25  the jury room for the jury's use during deliberations.  The
26  "clean set" shall contain only the text of each instruction
27  set forth in full on each page, with the caption "Court's
28  Instruction No. ___" (eliminating supporting authority,

Case 2:13-cv-06330-JFW-SH   Document 43   Filed 01/13/14   Page 44 of 49   Page ID #:615
Case 2:13-cv-06330-JFW-SH   Document 42   Filed 01/10/14   Page 44 of 49   Page ID #:564
Case 2:13-cv-06330-JFW-SH   Document 29   Filed 11/22/13   Page 28 of 33   Page ID #:313

1  citations to the PTCO, etc.).  Counsel shall also e-mail the
2  final "clean set" of jury instructions in WordPerfect or Word
3  format to the Chambers' e-mail address
4  (JFW_Chambers@cacd.uscourts.gov) at the time of filing.

5      **Caveat:  The failure of any counsel to comply with or**
6  **cooperate in <u>all</u> of the foregoing procedures regarding jury**
7  **instructions and/or verdict forms will constitute a waiver of**
8  **all objections to the jury instructions and/or verdict form**
9  **used by the Court.**

10         **(g)  Real-Time Reporting Requirement**

11      Each party must file with the Court, at the same time
12  counsel submit the PTCO, a document for the Court Reporter
13  which contains proper names, unusual or scientific terms, or
14  any foreign or uncommon words that are likely to be used by
15  the parties during the PTC and the Trial.  Each party shall
16  also e-mail a copy of the document to the Chambers' e-mail
17  address (JFW_Chambers@cacd.uscourts.gov) at the time of
18  filing.

19         **(h)  Joint Statement of the Case and Requests for Voir**
20              **Dire**

21      At the Pre-Trial Conference, the parties shall file their
22  proposed voir dire questions and their joint statement of the
23  case which the Court shall read to all prospective jurors
24  prior to the commencement of voir dire.  The statement should
25  be not longer than two or three paragraphs.

26      The Court conducts voir dire of all prospective jurors.
27  The parties need not submit requests for standard voir dire
28  questions, such as education, current occupation, marital

1   status, prior jury service, etc., but should include only

2   proposed questions specifically tailored to the parties and

3   issues of the case.

4   **7.   COURT TRIALS**

5       **(a)   Declarations of Witness Direct Testimony**

6       Counsel in non-jury trials shall submit the direct

7   testimony of their witnesses in writing in a declaration

8   executed under penalty of perjury.  These declarations shall

9   be in admissible form with an appropriate foundation

10  established for the declarant's statements.  Paragraphs in

11  each declaration shall be numbered consecutively to

12  facilitate the identification of paragraphs for evidentiary

13  objections.  Any exhibits which are attached to a witness

14  declaration shall be numbered consistently with the number of

15  the exhibit on the Joint Exhibit List.

16      Counsel are to exchange and file these declarations at

17  least twelve calendar days before trial, unless otherwise

18  ordered by the Court.  Courtesy Copies shall be provided to

19  the Court in accordance with Section 1 of this Order.

20  Courtesy Copies shall be submitted to the Court in a slant D-

21  ring binder with each declaration separated by a tab divider

22  on the right side.  All documents must be three-hole punched

23  with the oversized 13/32" hole size, not the standard 9/32"

24  hole size.  The binders shall also contain a Table of

25  Contents listing the declarations contained therein, and the

26  spine of the binder shall be labeled with its contents.

27      Eight calendar days before trial, counsel may file

28  evidentiary objections to those declarations.  Counsel shall

Case 2:13-cv-06330-JFW-SH   Document 43   Filed 01/13/14   Page 46 of 49   Page ID #:617
Case 2:13-cv-06330-JFW-SH   Document 42   Filed 01/10/14   Page 46 of 49   Page ID #:566
Case 2:13-cv-06330-JFW-SH   Document 29   Filed 11/22/13   Page 30 of 33   Page ID #:315

1   prepare a separate document for each declaration for which
2   they have an evidentiary objection in which they shall quote
3   the specific language from the declaration to which they
4   object, followed by the objection and any relevant argument.
5   Counsel shall file any reply or response to the objections by
6   noon on the fifth calendar day before trial.  Courtesy Copies
7   shall be provided to the Court in accordance with Section 1
8   of this Order.  **DO NOT SUBMIT BLANKET OR BOILERPLATE**
9   **OBJECTIONS TO THE OPPOSING PARTY'S WITNESS DECLARATIONS.**
10  **THESE WILL BE DISREGARDED AND OVERRULED.**

11       At trial, the Court will rule on the evidentiary
12  objections and, depending upon the ruling, the declarations
13  will be received in evidence, either in whole or in part, or
14  rejected.  Counsel will then conduct the cross-examination
15  and re-direct examination at trial.

16       Failure to comply with the terms of this Order will
17  result in sanctions or the Court may refuse to allow that
18  witness to testify.

19       **(b)  Trial Briefs**

20       Counsel for each party shall file and serve a trial
21  brief, not to exceed 15 pages in length, fourteen calendar
22  days before trial.

23       **(c)  Findings of Fact and Conclusions of Law**

24       Counsel for each party shall file and serve initial
25  proposed findings of fact and conclusions of law fourteen
26  calendar days before trial.  Counsel for each party shall
27  also e-mail a copy of their proposed findings of fact and
28  conclusions of law to the Chambers' e-mail address

Case 2:13-cv-06330-JFW-SH   Document 43   Filed 01/13/14   Page 47 of 49   Page ID #:618
Case 2:13-cv-06330-JFW-SH   Document 42   Filed 01/10/14   Page 47 of 49   Page ID #:567
Case 2:13-cv-06330-JFW-SH   Document 29   Filed 11/22/13   Page 31 of 33   Page ID #:316

1  (JFW_Chambers@cacd.uscourts.gov) on the date due.   Counsel

2  for each party shall then:

3          (i)     Underline in red the portions which it

4                disputes;

5          (ii)    Underline in blue the portions which it

6                admits; and

7          (iii)   Underline in yellow the portions which it does

8                not dispute, but deems irrelevant.

9      Counsel may agree with a part of a finding or conclusion,

10  disagree with a part of it, and/or consider a part of it

11  irrelevant.

12      Two marked copies of opposing counsel's proposed findings

13  of fact and conclusions of law shall be filed with the Court

14  seven calendar days before trial and one marked copy shall be

15  served on opposing counsel.   Courtesy Copies shall be

16  provided to the Court in accordance with Section 1 of this

17  Order.

18  **8.**   **SETTLEMENT**

19      This Court will not conduct settlement conferences in

20  non-jury cases which the Court will try unless counsel for

21  all parties and their respective clients agree either in

22  writing or on the record.   In jury cases, the Court will

23  conduct a settlement conference at the parties' joint request

24  if three conditions exist:

25      (a)  The parties are satisfied that the fact issues in

26  the case will be tried to a jury;

27      (b)  All significant pre-trial rulings which the Court

28  must make have been made; and

Case 2:13-cv-06330-JFW-SH  Document 43  Filed 01/13/14  Page 48 of 49  Page ID #:619
Case 2:13-cv-06330-JFW-SH  Document 42  Filed 01/10/14  Page 48 of 49  Page ID #:568
Case 2:13-cv-06330-JFW-SH  Document 29  Filed 11/22/13  Page 32 of 33  Page ID #:317

1      (c)    The parties desire the Court to conduct the

2  conference, understanding that if settlement fails, the Court

3  will preside over trial of the case.

4      The parties must file a Status Report re: Settlement at

5  the time they lodge the Proposed Pre-Trial Conference Order.

6  The Status Report shall include the name and phone number of

7  the Settlement Officer who assisted the parties with their

8  settlement conference.

9      **Caveat:**  If counsel fail to cooperate in the preparation

10 of the required Pre-Trial documents, fail to file the

11 required Pre-Trial documents, or fail to appear at the Pre-

12 Trial Conference and such failure is not otherwise

13 satisfactorily explained to the Court: (a) the cause shall

14 stand dismissed for failure to prosecute if such failure

15 occurs on the part of the plaintiff; (b) default judgment

16 shall be entered if such failure occurs on the part of the

17 defendant; or (c) the Court may take such action as it deems

18 appropriate.

19  IT IS SO ORDERED.

20

21 DATED: November 22, 2013        _____

                                   JOHN F. WALTER
22                              UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

                            32

Case 2:13-cv-06330-JFW-SH   Document 43   Filed 01/13/14   Page 49 of 49   Page ID #:620
Case 2:13-cv-06330-JFW-SH   Document 42   Filed 01/10/14   Page 49 of 49   Page ID #:569
Case 2:13-cv-06330-JFW-SH   Document 29   Filed 11/22/13   Page 33 of 33   Page ID #:318

# JUDGE JOHN F. WALTER
## SCHEDULE OF TRIAL AND PRE-TRIAL DATES

| Matter | Time | Weeks before trial | Plaintiff(s) (Request) | Defendant(s) (Request) | Court Order |
|---|---|---|---|---|---|
| Trial (jury) Estimated length: _3_ days | 8:30 am | | | | 7/29/14 |
| [Jury trial]  Hearing on Motions in Limine; Hearing on Disputed Jury Instructions | 10:00 am | | | | 7/18/14 |
| [Court trial] Hearing on Motions in Limine | 10:00 am | | | | X |
| Pre-Trial Conference; File Proposed Voir Dire Qs and Agreed-to Statement of Case | 10:00 am | | | | 7/11/14 |
| Submit Pre-Trial Conf. Order; File Motions in Limine; Memo of Contentions of Fact and Law; Pre-Trial Exhibit Stipulation; Summary of Witness Testimony and Time Estimates; File Status Report re: Settlement; File Agreed Upon Set of Jury Instructions and Verdict Forms; File Joint Statement re Disputed Instructions, Verdicts, etc. | | | | | 7/2/14 |
| Last day for hearing motions * | 1:30 pm | | | | 6/23/14 |
| Discovery cut-off | | | | | 6/9/14 |

## ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

| | | | | | |
|---|---|---|---|---|---|
| Last day to conduct Settlement Conference | | | | | 4/1/14 |
| Last day to file Joint Report  re: results of Settlement Conference | | | | | 4/8/14 |

\* Motions for class certification shall be filed in accordance with Local Rule 23-3.

S:\JFW\CIVIL CASES\Kramer, Brandon 13-6330\CMO.wpd
(Rev. 5/7/13)